E-FILED
Friday, 15 June, 2018  05:38:12 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **MARILYN K. SEYMOUR and** | ) | |
| **DONALD L. SEYMOUR,** | ) | |
| | ) | |
| *Plaintiffs* | ) | **No. 3:18-cv-03146** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **METROPOLITAN LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| *Defendant* | ) | |

### NOTICE OF REMOVAL

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its

attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, provides notice of removal

of this action to the United States District Court for the Central District of Illinois, Springfield

Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the

following grounds for removal:

1.      The removing party, MetLife, is the defendant in the action captioned *Marilyn K.

Seymour and Donald L. Seymour v. Metropolitan Life Insurance Company*, No. 2018-MR-21,

pending in the Circuit Court for the Seventh Judicial Circuit, Morgan County, Illinois.  Plaintiffs

Marilyn Seymour and Donald Seymour (collectively "Plaintiffs") commenced this action on

March 8, 2018.  A copy of Plaintiffs' Complaint is attached as Exhibit A.  MetLife filed its 735

ILCS 5/2-615 Motion to Dismiss Plaintiffs' Complaint, a copy of which is attached as Exhibit B.

2.      Plaintiffs filed their First Amended Complaint on June 11, 2018, asserting

additional claims that were not included in the original Complaint.  Based on the new claims and

damages sought for the first time in the First Amended Complaint, the action first became

removable to this Court upon MetLife's receipt of Plaintiffs' First Amended Complaint on June

11, 2018.  A copy of the First Amended Complaint is attached as Exhibit C.  A copy of other process, pleadings, and orders are attached as Group Exhibit D.

3.      Pursuant to 28 U.S.C. §1446(b)(3), when the case stated by the initial pleading is not removable, notice of removal may be filed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Plaintiffs' First Amended Complaint is an amended pleading under 28 U.S.C. §1446(b)(3).

4.      Based on the date MetLife received the First Amended Complaint, June 11, 2018, MetLife is required to file its Notice of Removal on or before July 11, 2018.  Because Notice of Removal has been filed on or before July 11, 2018, MetLife's Notice of Removal is timely filed pursuant to 28 U.S.C. §1446.  A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court for the Seventh Judicial Circuit is attached hereto as Exhibit E.

5.      MetLife removes this action under 28 U.S.C. §1441 *et seq*. based on federal diversity jurisdiction pursuant to 28 U.S.C. §1332.  The United States District Court for the Central District of Illinois, Springfield Division, is the appropriate venue for removal of this action from the Circuit Court for the Seventh Judicial Circuit, Morgan County, Illinois.

6.      Plaintiffs are both residents and citizens of the State of Illinois.  (Ex. C, Am. Compl. ¶ 1).  MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  MetLife, therefore, is a citizen of New York.  MetLife is not a citizen of the same state as either of the Plaintiffs.  There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332.

7.      Plaintiffs' initial Complaint was not removable because it did not satisfy the jurisdictional minimum for diversity jurisdiction.  In their initial Complaint, Plaintiffs each

asserted a single claim for a declaratory judgment that they are "eligible for benefits" and their

claims for benefits "should have been approved" under each Plaintiff's separate contract of long-

term care insurance Policy issued by MetLife.  (Ex. A, Compl. ¶¶ 3-5, Cts. I & II Wherefore

clauses).  "[T]he separate claims of multiple plaintiffs against a single defendant cannot be

aggregated to meet the jurisdictional [amount in controversy] requirement." *Clark v. State Farm

Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007).

8.      Only past due benefits can be considered in determining the amount in

controversy.  Potential future benefits are not included in calculating the jurisdictional amount.

*Keck v. Fidelity & Cas. Co. of N.Y.*, 359 F.2d 840, 841-42 (7th Cir. 1966); *Kaplan v. Standard

Ins. Co.*, No. 11 C 6487, 2013 WL 5433463, at *3 (N.D. Ill. Sept. 30, 2013); *Stachewicz v. Nat'l

Union Fire Ins. Co. of Pittsburg*, No. 3:09-cv-470-JPG, 2009 WL 3065065, at *2 (S.D. Ill. Sept.

23, 2009).  The amount of past due long-term care benefits alleged to be payable at the time

Plaintiffs filed their original Complaint was less than $75,000 for each individual Plaintiff.[1]

9.      The case first became removable upon Plaintiffs' filing and service of their

verified First Amended Complaint on June 11, 2018.  In the First Amended Complaint, Plaintiffs

added claims and damages, including claims for breach of contract and statutory penalties under

215 ILCS 5/155.  Plaintiffs allege and verify, "being first duly sworn, on oath," that they are

each seeking "money damages" in "an amount greater than Fifty Thousand Dollars ($50,000),"

and each asserts a claim for statutory penalties and attorneys' fees under 215 ILCS 5/155.  (Ex.

C, Am. Compl., Cts. I, II, V & VI Wherefore clauses, Verification).  Section 155 of the Illinois

---

[1]  The Schedules of Benefits attached to Plaintiffs' Complaint show that Marilyn Seymour's and Donald
Seymour's potential daily benefit was $150/day and $158/day, respectively, after a 30 day Waiting
Period.  (Ex. A, Compl. Exs. A & B).  Plaintiffs allege they submitted applications requesting benefits on
April 11, 2017.  (Ex. A, Compl., Ct. I ¶ 6, Ct. II ¶ 6).  The 30 day Waiting Period would have expired
May 11, 2017.  From May 11, 2017 to March 8, 2018, the date Plaintiffs filed their initial Complaint,
neither Marilyn Seymour's nor Donald Seymour's past benefits sought exceeded $75,000.

Insurance Code provides for potential recovery of "an amount not to exceed…(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; [or] (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." Sixty percent of $50,000 is $30,000. Thus Plaintiffs each seek at least $30,000 as a statutory penalty under 215 ILCS 5/155. Penalties under §155 are included in the calculation of the amount in controversy. *Kaplan*, 2013 WL 5433463, at *5.

10. The amount in controversy for Marilyn Seymour exceeds $80,000, because she seeks money damages in an amount greater than $50,000, plus a statutory penalty under §155 of more than $30,000. (Ex. C, Am. Compl., Cts. I & V). The amount in controversy for Donald Seymour exceeds $80,000, because he seeks money damages in an amount greater than $50,000, plus a statutory penalty under §155 of more than $30,000. (Ex. C, Am. Compl., Cts. II & VI). In addition, Plaintiffs both demand attorneys' fees recoverable under §155, further increasing the amount in controversy.

11. Because complete diversity of citizenship exists between the parties and Plaintiffs' First Amended Complaint establishes that the amount in controversy for each Plaintiff exceeds $75,000 exclusive of interest and costs, MetLife is entitled to remove this matter from state court to federal court pursuant to 28 U.S.C. §§1332 and 1441.

12. This Court has original jurisdiction over this action based on diversity jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, METROPOLITAN LIFE INSURANCE COMPANY, requests that the above titled action be removed from the Circuit Court for the Seventh Judicial Circuit, Morgan County, Illinois, to the United States District Court for the Central District of Illinois, Springfield Division.

Respectfully submitted,

Jacqueline J. Herring (IL-6282246)
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300  |  F  312.541.0933
jackie.herring@svs-law.com

By: */s/ Jacqueline J. Herring*
    Attorney for Defendant,
    Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system.  I further certify that a paper copy of the electronically filed document was served on the individual addressed below via email attachment and U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Anthony J. DelGiorno
Samantha A. Dudzinski
Rammelkamp Bradney, P.C.
232 West State St., P.O. Box 550
Jacksonville, Illinois 62651

*/s/ Jacqueline J. Herring*

SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300  |  F  312.541.0933
jackie.herring@svs-law.com
Illinois Bar No. 6282246
